**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>    Carl Lee,<br>                Debtor. | Chapter 13 |
| Carrington Mortgage Services, LLC,<br>                Movant,<br>vs.<br>Carl Lee,<br>                Debtor / Respondent,<br>and<br>Frederick L. Reigle,<br>                Trustee / Respondent. | Case No.: 16-18536-jkf |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND CO-DEBTOR STAY**

NOW COMES, Carrington Mortgage Services, LLC ("Movant"), by and through its counsel, Matthew C. Waldt, Esquire, of Milstead & Associates, LLC, and hereby requests an order terminating the automatic stay provisions of section 11 U.S.C. § 362 as to Debtor, Carl Lee, and under 11 U.S.C. § 1301(c) as to Co-Debtor, Linda Lee, to enable Movant to take any and all action necessary to enforce its rights as determined by the Note (defined below) and Mortgage (defined below), state and/or other applicable law with regard to real property known as and located at 4243 Elsinore Street, Philadelphia, PA 19124, and in support thereof avers as follows:

**THE PARTIES**

1.    Movant, Carrington Mortgage Services, LLC, is a secured creditor of the Debtor and Co-Debtor.

2.    Debtor, Carl Lee, and Non-Filing Co-Mortgagor, Linda Lee, are the owners of real property known as and located at 4243 Elsinore Street, Philadelphia, PA 19124 (the "Property").

**JURISDICTION AND VENUE**

3. On or about December 9, 2016, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code.

4. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**FACTUAL BACKGROUND**

6. Debtor and Co-Debtor are the owners of the Property.

7. The Debtor, Carl Lee, has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $130,173.00 (the "Note"). Movant is an entity entitled to enforce the Note.

8. Pursuant to that certain mortgage executed by Debtor, Carl Lee, and Non-Filing Co-Mortgagor, Linda Lee, dated June 17, 2008 and recorded in the office of the county clerk of Philadelphia County, Pennsylvania (the "Mortgage"), all obligations (collectively the "Obligations") of the Debtor and Co-Debtor under and with respect to the Note and the Mortgage are secured by the Property.

9. Carrington Mortgage Services, LLC services the loan on the Property referenced in this Motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

10. Debtor and Co-Debtor have failed to make monthly payments due under the Mortgage since the filing of the petition for the months of August 1, 2017 through March 1, 2018. As of the date of this motion, the amount of the post-petition delinquency is as follows:

| | |
|---|---|
| 5 Payments @ $855.27 (8/1/17 - 12/1/17) | $4,276.35 |
| 3 Payments @ $854.68 (1/1/18 - 3/1/18) | $2,564.04 |
| Debtor Suspense Balance | ($ 788.65) |
| | |
| **Total Post-Petition Arrears** | **$6,051.74** |

11.     In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $650.00 in legal fees and $181.00 in costs.[1]  Movant reserves all rights to seek an award or allowance of such fees and expenses in accordance with applicable loan documents and related agreements, the Bankruptcy Code and otherwise applicable law.

**BASIS FOR RELIEF REQUESTED**

12.     Movant requests an order terminating the automatic stay provisions of 11 U.S.C. § 362 to enable Movant to take any and all action(s) necessary to enforce its rights as determined by the Note and the Mortgage, State and/or other applicable law with regard to the Property.

13.     Section 362(d) permits relief from the automatic stay upon two bases. Section 362 provides that relief may be granted:

> (1) for cause including the lack of adequate protection of an interest in property of such party in interest; *or*
>
> (2) with respect to a stay of an act against property, if
>         (A) the debtor and co-debtor do not have equity in such property and
>         (B) such property is not necessary to an effective reorganization or plan.

14.     Section 362(d) is written in the disjunctive rather than the conjunctive so that either basis alone is a sufficient basis for relief.  *See,* Nazareth National Bank v. Trina-Dee, Inc. 731 F.2d 170, 170 (3rd Cir. 1984) (explaining that "either ground along is sufficient to justify relief from the

---

[1] The sentence makes clear that the other Obligations listed in the Motion do not include these attorneys' fees and costs.  These are in addition to the other amounts listed in the Motion.  When using this sentence, if fees and costs can be lumped together, use the second bracketed clause.  Otherwise, break out fees and costs separately and use the first bracketed clause.

stay"). Movant is not adequately protected because the Debtor and Co-Debtor have failed to make post-petition mortgage payments and because there is inconsequential or no equity in the Property. Movant has cause to have the automatic stay modified so as to permit Movant to take any and all action(s) necessary to enforce its rights as determined by State and/or other applicable law with regard to the Property.

**WHEREFORE,** Movant prays that this Court issue an Order terminating or modifying the automatic stay and granting the following:

1. Relief from the automatic stay for all purposes allowed by the Note, the Mortgage, and applicable law with respect to Movant, its successors or assigns, and the Property;

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

3. For such other relief as the Court deems proper.

Respectfully submitted,
MILSTEAD & ASSOCIATES, LLC

DATED: March 12, 2018

  /s/Matthew C. Waldt
Matthew C. Waldt, Esquire
mwaldt@milsteadlaw.com
Attorney ID No. 203308
1 East Stow Road
Marlton, NJ 08053
(856) 482-1400
Attorneys for Movant